IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| WILLIAM H. GRUBHAM, | ) | |
| | ) | CASE NO. BK08-41924-TLS |
| Debtor(s). | ) | A08-4084-TLS |
| EMMETT B. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM H. GRUBHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #16). Gregory J. Beal represents the debtor, and Kristen D. Mickey represents the plaintiff. Evidence was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

In 2006, the debtor, as seller, and the plaintiff, as buyer, entered into a purchase agreement for a tract of real property in Bridgeport, Nebraska. As part of the purchase price, the buyer agreed to pay off up to $15,000.00 of liens and delinquent taxes against the property. The buyer also paid for a property survey and the installation of a utility meter, in addition to advancing funds to the seller to assist with the expenses of closing and transfer of the property. However, the seller refused to convey the property, so the buyer filed a county court lawsuit and obtained a default judgment in 2007 in the amount of $17,903.06, plus prejudgment interest on certain debts, and costs. The buyer attempted to execute on the judgment in July 2008, and in August 2008, the seller filed his Chapter 7 bankruptcy petition. The buyer subsequently filed this adversary proceeding, alleging that the seller "used false pretenses, false representations, or actual fraud to entice" him into entering the purchase agreement. He seeks a finding of nondischargeability and the award of his attorneys' fees and costs.

The debtor did not respond to the motion for summary judgment, but in the joint preliminary pretrial statement (Fil. #13), he asserts that the purchase agreement, which he signed without benefit of legal counsel or advice, is unconscionable and that the buyer's conduct with regard to the property exceeded the scope of the parties' agreement.

The parties agree on the following facts:

1. This action is brought pursuant to 11 U.S.C. 523(a)(2) and is a core proceeding over which this court has jurisdiction.

2.	On August 21, 2008, the debtor, William H. Grubham, also known as Tony Grubham, filed his petition for Chapter 7 bankruptcy in the above-captioned matter.

3.	On or about August 17, 2006, the plaintiff, Emmett B. Smith, and Grubham entered into a purchase agreement to convey a piece of real estate to Smith.

4.	A true and accurate copy of the purchase agreement is attached as Exhibit A to the complaint to determine dischargeability.

5.	On or about July 31, 2007, Smith filed suit against Grubham in the County Court of Morrill County, Nebraska, seeking a judgment against Grubham for the amount of costs and fees Smith incurred in accordance with the parties' purchase agreement.

6.	On or about October 31, 2007, Smith obtained a default judgment against Grubham in the amount of $17,903.06, plus prejudgment interest on certain liquidated debts, plus the costs of said action.

7.	On or about February 21, 2008, a transcript of said default judgment was filed in the District Court of Morrill County, Nebraska.

8.	On or about July 18, 2008, an execution was issued on said default judgment against Grubham.

The buyer's attorney served discovery requests on the debtor on March 6, 2009. The debtor did not respond. Pursuant to Federal Rule of Civil Procedure 36(a)(3),[1] made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7036, the effect of not responding to requests for admission is that the matters are deemed admitted for purposes of this lawsuit. Therefore, the following additional facts are undisputed here:

9.	Smith performed all obligations set forth under the terms of said purchase agreement.

10.	Pursuant to the terms of said purchase agreement, Smith paid certain tax liens against Grubham.

---

[1]Rule 36. Requests for Admission
(a) Scope and Procedure
    . . .
    (3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

11. Pursuant to the terms of the purchase agreement, Smith paid certain judgments against Grubham.

12. Pursuant to the terms of the purchase agreement, Smith paid the costs to have the property being sold under the purchase agreement surveyed.

13. Pursuant to the terms of the purchase agreement, Smith paid the requisite security deposit for installation of a utility meter.

14. Smith advanced funds to Grubham prior to closing to assist Grubham with expenses pending closing of the real estate transaction.

15. The affidavit of Emmett Smith, attached as Exhibit B to the complaint to determine dischargeability, is a true and accurate summarization of the payments made by Smith to and on behalf of Grubham in connection with the purchase agreement dated August 17, 2006.

16. Grubham failed and refused to convey the property under the terms of said purchase agreement.

17. Grubham further failed and refused to reimburse Smith for the costs and fees Smith incurred for the benefit of Grubham.

18. On or about August 21, 2008, Grubham filed bankruptcy case number BK08-41924-TLS shortly before a sheriff's sale was scheduled pursuant to the issued execution and named Smith as a creditor in said bankruptcy.

19. Grubham used false pretenses, false representations, or actual fraud to entice Smith into entering the purchase agreement with Grubham.

20. The surveyor's legal description attached as Exhibit C to the request for admissions is a true and accurate description of the land that was to be sold to Smith under the purchase agreement.

21. Grubham is experienced and knowledgeable in matters related to the sale of real estate.

22. At the time of entering into the purchase agreement that is the subject of this action, Grubham represented to Smith that he was the sole owner of the property being sold under the purchase agreement.

23. Prior to entering into the purchase agreement, Grubham had the opportunity to seek legal counsel and advice before signing the agreement.

24. Grubham is a convicted felon.

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *Universal Bank, N.A. v. Grause (In re Grause)*, 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing *Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by *Field v. Mans*, 516 U.S. 59 (1995)); *Blue Skies, Inc. v. Preece (In re Preece)*, 367 B.R. 647, 652 (B.A.P. 8th Cir. 2007).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In this case, the uncontroverted facts establish all of the necessary elements for nondischargeability under § 523(a)(2)(A). The debtor admits that his false pretenses, false representations, or actual fraud induced the buyer to enter into the purchase agreement and caused the buyer to expend funds in preparation for owning the property, which he did not receive. The debtor has not come forward with any evidence to demonstrate the existence of any factual dispute. Therefore, Mr. Smith's motion for summary judgment should be granted. His request for attorneys' fees must be denied, however. There appears to be no statutory or case law authority for an award of attorney fees pursuant to a finding of nondischargeability under § 523(a)(2) absent a contractual provision regarding attorney fees for collecting the debt. *See Williams v. Kemp (In re Kemp)*, 242 B.R. 178, 183 (B.A.P. 8th Cir. 1999), *aff"d*, 232 F.3d 652 (8th Cir. 2000) (stating that an award of attorney's fees in a dischargeabiltiy action is the exception rather than the rule, and finding no statutory or contractual entitlement to attorney's fees in a § 523(a)(5) action); *Burt v. Maurer (In re*

*Maurer)*, 256 B.R. 495, 501 (B.A.P. 8th Cir. 2000) (noting that absent a specific statutory or contractual provision to the contrary, attorneys' fees are not recoverable). There is no provision in the purchase agreement regarding payment of attorneys' fees.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #16) is granted. Separate judgment will be entered.

DATED: July 13, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  Gregory J. Beal
  *Kristen D. Mickey
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.